1   CHRISTINE H. LONG, CA STATE BAR NO. 199676
    KARA L. ARGUELLO, CA STATE BAR NO. 221093
2   BERLINER COHEN, LLP
    TEN ALMADEN BOULEVARD
3   ELEVENTH FLOOR
    SAN JOSE, CALIFORNIA 95113-2233
4   TELEPHONE: (408) 286-5800
    FACSIMILE: (408) 998-5388
5   christine.long@berliner.com
    kara.arguello@berliner.com
6

7   ATTORNEYS FOR DEFENDANTS BOBBY A. ALI; RICK
    ALI[1]; M1 COLLISION CARE CENTERS, INC.[2]; AUTOVEST
    COLLISION REPAIRS, INC., DBA AUTOWEST COLLISION
8   REPAIRS, INC.; AND AW COLLISION OF SERRAMONTE[3]

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12  RAFAEL SANDOVAL, LUIS MARTIN          CASE NO.  CV 13-03230 EDL
    CALIXTO, and ADRIAN RAMIREZ on
13  behalf of themselves, on behalf of all others   DECLARATION OF CHRISTINE H. LONG
    similarly situated and in the interest of the   IN SUPPORT OF DEFENDANTS'
14  general public,                       OPPOSITION TO PLAINTIFFS' MOTION
                                          FOR CLASS CERTIFICATION AND
15                  Plaintiffs,           APPOINTMENT OF CLASS COUNSEL

16          v.
                                          Date:    July 21, 2015
17  BOBBY A. ALI; RICK ALI, M1 AUTO       Time:    9:00 a.m.
    COLLISIONS CENTERS, INC.; M1          Dept.:   Courtroom E, 15th Floor
18  COLLISION CARE CENTERS, INC.;                  450 Golden Gate Avenue
    AUTOVEST COLLISION REPAIRS, INC.               San Francisco, CA 94102
19  aka AUTOWEST COLLISION REPAIRS,
    INC.; and SERRAMONTE AUTO PLAZA       Judge:  Hon. Elizabeth D. Laporte
20  BODY SHOP, INC.,

21                  Defendants.

22  ///

23  ///

24  ///

25  _____
    [1] Defendants Bobby Ali and Rick Ali were dismissed with prejudice from this action by the Court's Order of
26  7/10/2014.

27  [2] Erroneously sued as "M1 Auto Collisions Centers, Inc."

28  [3] Erroneously sued as "Serramonte Auto Plaza Body Shop, Inc."

4845-7937-4116v1
TENGLISH\15321004

I, Christine H. Long, declare as follows:

1.      I am an attorney licensed to practice law in California and am admitted to practice before this court. I am a partner in the firm of Berliner Cohen, LLP in San Jose, California. I am counsel of record for Defendants. I was also counsel for Defendants in the action of *Juarez et. al. v. Ali, et al.* Santa Clara County Superior Court, Case No. 1-08-CV-121859 ("*Juarez Action*").

2.      I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification and Appointment of Counsel.  The information is true and correct to the best of my personal knowledge or, if stated upon information and believe, I am informed and believe it to be true.

3.      I have divided the declaration into four sections as noted:

A.  The first section consists of evidence obtained in this pending action.

B.  The second section relates to testimony and evidence obtained in the *Juarez Action.*

C.  The third section is summaries of voluminous evidence in support of the objections to evidence in support of Plaintiffs Motion for Class Certification. The summaries comply with FRE 1006, as outlined below.

D.  The fourth section is material relating to objections to the claims made by Mr. Mallison in his declaration and cited in support of the motion for class certification regarding "Research Models".

The separation was separated as noted above to aid the court given the long history of this case. Furthermore, evidence relating to the history of the case can be found in the jointly filed Request for Judicial Notice.

**A.  Evidence in this Matter**

4.      Attached hereto as **Exhibit 1** are true and correct copies of exemplars of the piece rate sheets given to employees each week. The foundation for these documents is contained both within the individual employees' deposition testimonies **(Exhibits 4-18)** as well as the deposition testimony of Emily Nguyen **(Exhibit 18)**, former controller of Defendant entities. I have attached a few

exemplars here for ease of reference of the Court, but they can also be found in the relevant portions of each deponents testimony.

5.       Attached hereto as **Exhibit 2** are exemplars of the time clock sheets that employees were asked to sign and acknowledge each and every week. Plaintiffs have requested judicial notice of Defendants time clock policy in the Declaration of Marco Palau, Docket No. 75-2, at Pg. 111. The attached sheets directly contradict the testimony of Plaintiffs in which they assert there was no time clock or it was broken. Exhibit 2 demonstrates that there were both computer and handwritten records, and the employees were asked to acknowledge each. The foundation for the exhibits contained herein is found in each deponents' deposition **(Exhibits 4-18)**. They are provided here again for ease of reference for the court and are mere exemplars of a series of voluminous records. Some of the plaintiffs worked for over 10 years with defendant entities, and their time clock records along would number over 500 pages per individual. The exemplars are also attached to the declaration of Alex Astts, Director of Operations, who confirmed that these documents were maintained in the ordinary course of business and include:

a.  Exhibit 2a – True and correct copies of Martin Calixto's time records demonstrating the audit that was done, and employees signed off acknowledging that their flag hours compensated them for all hours worked.

b.  Exhibit 2b - True and correct copies of electronic time records of Rafael Sandoval presented to employees each week to sign and affirm that the hours were correct. The court will note that page 29 of 42 demonstrates working days in excess of 8 hours on two occasions, despite testimony that employees had to sign affirming they only worked 8 hours a day.

c.  Exhibit 2c – True and correct copies of electronic time records of Adrian Ramirez showing a wide variance in hours worked.

d.  Exhibit 2d – True and correct copies of handwritten and electronic time records of Francisco Lopez Sr.

e.  Exhibit 2e - True and correct copies of electronic time records of Jamie Barrios.

f.  Exhibit 2f - True and correct copies of electronic time records of Manual "Raul" Llamas. The excerpts demonstrate that while true he had 40 hour work weeks as he testified, he also certified time cards showing work weeks that were greater than 40 hours, contradicting his assertion that he was forced to admit to working no more than 40 hours.

g.  Exhibit 2g – True and correct copies of handwritten group employee time cards showing the working hours of the employees on given dates.

6.  Attached hereto as **Exhibit 3** are true and correct copies of the work orders given to employees. The foundation for this work order is found in the deposition of Francisco Lopez, Sr. at Exhibit 15, which exhibit is attached at **Exhibit 10**. A copy is attached hereto as Exhibit 3 for ease of reference for the Court.

7.  Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from the Deposition of Plaintiff Luis Martin Calixto, taken on May 14, 2015.

8.  Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from the Deposition of Plaintiff Adrian Ramirez, taken on May 15, 2015.

9.  Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the Deposition of Plaintiff Rafael Sandoval, taken on May 4, 2015.

10.  Attached hereto as **Exhibit 7** is a true and correct copy of excerpts from the Deposition of Jamie Barrios, taken on May 21, 2015.

11.  Attached hereto as **Exhibit 8** is a true and correct copy of excerpts from the Deposition of Salvador Flores, Sr., taken on May 7, 2015.

12.  Attached hereto as **Exhibit 9** is a true and correct copy of excerpts from the Deposition of Manual Llamas, taken on May 13, 2015.

13.  Attached hereto as **Exhibit 10** is a true and correct copy of excerpts from the Deposition of Francisco Lopez, Sr., taken on May 13, 2015.

14.  Attached hereto as **Exhibit 11** is a true and correct copy of excerpts from the Deposition of Francisco Javier Lopez, Jr., taken on May 14, 2015.

CASE NO.  CV 13-03230 EDL

-4-

DECLARATION OF CHRISTINE H. LONG IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

4845-7937-4116v1
TENGLISH\15321004

15. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts from the Deposition of Eddy Sifuentes, taken on May 15, 2015.

16. Attached hereto as **Exhibit 13** is a true and correct copy of excerpts from the Deposition of Alex Assts, Person Most Qualified for Autovest Collision Repairs, Inc., taken on April 14, 2015.

17. Attached hereto as **Exhibit 14** is a true and correct copy of excerpts from the Deposition of Alex Assts, Person Most Qualified for M1 Collision Care Centers, Inc., taken on April 15, 2015.

18. Attached hereto as **Exhibit 15** is a true and correct copy of excerpts from the Deposition of Alex Assts, Person Most Qualified for Serramonte Auto Plaza Body Shop, Inc.[4], Volume I taken on April 14, 2015.

19. Attached hereto as **Exhibit 16** is a true and correct copy of excerpts from the Deposition of Alex Assts, Person Most Qualified for Serramonte Auto Plaza Body Shop, Inc., Volume II taken on April 15, 2015.

20. Attached hereto as **Exhibit 17** is a true and correct copy of excerpts from the Deposition of Alex Assts, individual capacity, taken on May 19, 2015.

21. Attached hereto as **Exhibit 18** is a true and correct copy of excerpts from the Deposition of Emily Nguyen, taken on May 22, 2015

**B. Exhibits from *Juarez Action***

22. Attached hereto as **Exhibit 19** is a true and correct copy of excerpts from the Trial Testimony of Emily Nguyen in the matter of Juarez v. MB Body Shop, Case No. 1-08-CV-121859, taken on September 10-11, 2013.

23. Attached hereto as **Exhibit 20** is a true and correct copy of excerpts from the Trial Testimony of Eddy Sifuentes in the matter of Juarez v. MB Body Shop, Case No. 1-08-CV-121859, taken on August 28-29 and September 4, 2013.

---

[4] The deposition transcript for the person most knowledgeable at AW Collision of Serramonte was erroneously noticed (and later titled based on said notice) as the deposition of the person most knowledgeable for Serramonte Auto Plaza Body Shop, Inc. Counsel for Defendants would like to stress that this is a fabricated name and the inclusion of said name in this suit continues to be improper and a source of confusion.

CASE NO. CV 13-03230 EDL                                -5-

24.     Attached hereto as **Exhibit 21** is a true and correct copy of excerpts from the Trial Testimony of Adrian Ramirez in the matter of Juarez v. MB Body Shop, Case No. 1-08-CV-121859, taken on September 4-5, 2013.

25.     Attached hereto as **Exhibit 22** is a true and correct copy of excerpts from the Trial Testimony of Hugo Gonzalez in the matter of Juarez v. MB Body Shop, Case No. 1-08-CV-121859, taken on September 5 and 10, 2013.

26.     Attached hereto as **Exhibit 23** is a true and correct copy of the Declaration of Luis Martin Calixto filed in the Juarez Matter, Case No. 1-08-CV-121859, in Support of Plaintiffs' Motion for Class Certification, dated January 15, 2012.

27.     Attached hereto as **Exhibit 24** is a true and correct copy of the Declaration of Rich Albright filed in the Juarez Matter, Case No. 1-08-CV-121859, dated January 23, 2012.

28.     Attached hereto as **Exhibit 25** is a true and correct copy of the Declaration of Wayne Krause filed in the Juarez Matter, Case No. 1-08-CV-121859, dated January 25, 2012

29.     Attached hereto as **Exhibit 26** is a true and correct copy of Wayne Krause's trial testimony in the Juarez Matter, Case No. 1-08-CV-121859, dated September 17, 2013.

30.     Attached hereto as **Exhibit 27** is a true and correct copy of the Declaration of Emily Nguyen filed in the Juarez Matter, Case No. 1-08-CV-121859, in Support of Opposition to Motion for Order Certifying the Class, dated January 25, 2012.

**C.  Evidence in Support of Objections to Declarations**

31.     As noted above, in the opposition, Defendants have objected to the boilerplate declarations submitted by Plaintiffs' counsel on the grounds that they are conclusory and that the testimony is inconsistent with the witnesses sworn deposition testimony.

32.     The record demonstrates that while the declarations prepared by Plaintiffs' counsel assert that employees worked "off-the-clock" outside working hours or that there was not time clock, at deposition deponents acknowledge the time clock, confirmed they were never told to work off the clock, and that each was presented with time clock records to confirm their working hours.

CASE NO.  CV 13-03230 EDL                                      -6-

DECLARATION OF CHRISTINE H. LONG IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

4845-7937-4116v1
TENGLISH\15321004

33.      I have attached hereto as **Exhibit 28**, with subparts, charts that summarize the inconsistent testimony and the conclusory testimony that is inadmissible under FRE 801 and 403. The subparts are as follows:

        a.   **Exhibit 28A**, Summary for Rafael Sandoval

        b.   **Exhibit 28B**, Summary for Luis Martin Calixto

        c.   **Exhibit 28C**, Summary for Adrian Ramirez

        d.   **Exhibit 28D**, Summary for Salvador Flores

        e.   **Exhibit 28E**, Summary for Manual Llamas ("Raul")

        f.   **Exhibit 28F**, Summary for Francisco Javier Lopez Sr.

        g.   **Exhibit 28G**, Summary for Francisco Javier Lopez Jr.

34.      The attached exhibits meet the standards of Under FRE 1006, in that each summarizes voluminous deposition and witness testimony, the chart is an accurate compilation of the voluminous records; the evidence sought to be introduced is admissible hearsay, as it is a party's statements under oath offered for the truth of the matter, and the underlying documents are elsewhere attached to this declaration. I believe that the attached summaries will aid the court in ruling on the objections made in the motion.

35.      There were many objections that could have been made to the form of the declarations, including the fact that no witness indicates that the declarations were translated for them, yet all but one required an interpreter for their deposition. However the above summaries of objections demonstrate what I believe to be the most objectionable grounds for the evidence, namely that what counsel prepared and put before the witness contradicts the testimony they gave of their own accord at deposition.

    D.   Evidence in Support of Mallison's "Research Model"

36.      The declaration of Plaintiffs' attorney Stan Mallison unequivocally states that Plaintiffs seek to rely on a "'research model' approach to wage and hour class action litigation." Mallison Dec. ¶ 5. Mallison contends that the "success of this model [has been] exemplified" in approximately eighteen cases he has been involved in (Mallison Dec., ¶6)

37.     After reading Mr. Mallison's declaration I was surprised that he would have had such success with the model in light of *Duran v. U.S. Bank Nat'l Assn*, 203 Cal.App.4th 212 (2012), rhg denied, 2012 Cal. App. LEXIS 265 (Cal. App. 1st Dist. Mar. 6, 2012). Therefore, I conducted a review of the cases he cited to determine which had been submitted for class certification, and in which the proposed model had been utilized to determine if the courts were truly in agreement as he stated under oath.

38.     The results were telling that the statements made by Mr. Mallison were definitely designed to mislead. First, he omits that all of the cases he cited pre-date *Duran v. U.S. Bank Nat'l Assn*, 203 Cal.App.4th 212 (2012), rhg denied, 2012 Cal. App. LEXIS 265 (Cal. App. 1st Dist. Mar. 6, 2012).

39.     Further, he omitted that at least twelve of the cases were resolved prior to a motion for class certification being filed. I say at least twelve because two of the counties dockets are not available online, so I was unable to confirm in two of the 18 instances whether a motion for certification was filed, but certainly in 12 instances it was not, or in more than half the instances.

40.     I was unable to find a single case of Mr. Mallison's in which the model proposed here had been approved or adopted by any court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 2nd day of June, 2015 in San Jose, California.

BERLINER COHEN, LLP


BY:   */s/Christine H. Long*
        CHRISTINE H. LONG

CASE NO.  CV 13-03230 EDL

-8-

DECLARATION OF CHRISTINE H. LONG IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

4845-7937-4116v1
TENGLISH\15321004