# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made by and between plaintiffs Rafael Sandoval, Luis Martin Calixto and Adrian Ramirez ("Plaintiffs"), individually and on behalf of the proposed class, and defendants Bobby A. Ali, Rick Ali, M1 Collision Care Centers, Inc. dba as Concord Collision Care Center aka AW Collision of Concord, Sunnyvale Collision Care Center and Fremont Collision Care, Autovest Collision Repairs, Inc., aka Autowest Collision Repairs, Inc., and AW Collision of Serramonte erroneously sued as Serramonte Auto Plaza Body Shop, Inc. and aka as M1 Collision Care Center dba as Serramonte Auto Plaza Body Shop and M1 Auto Collision Centers, Inc. dba as AW Collision of Serramonte (collectively "Defendants"). Plaintiffs and Defendants collectively are referred to in this Agreement as the "Parties."

## I.    DEFINITIONS

In addition to other terms defined in this Agreement, the terms below have the following meaning in this Agreement:

A.    "Action" means the civil action entitled "Rafael Sandoval, Luis Martin Calixto and Adrian Ramirez v. Bobby A. Ali, Rick Ali, M1 Auto Collisions Centers; M1 Collision Care Centers, Inc., Autovest Collision Repairs, Inc., aka Autowest Collision Repairs, Inc., and Serramonte Auto Plaza Body Shop, Inc." case number 3:13-cv-03230-EDL, by Plaintiffs against Defendants in the United States District Court, Northern District of California, San Francisco Division.

B.    "Claim Form" means the claim form and consent to jurisdiction that Class Members must sign and return to the Settlement Administrator in order to receive a Settlement Share. Plaintiffs will draft and submit a Claim Form to the Court along with the Motion for Preliminary Approval.

C.    "Claimant" means a Class Member who has submitted a timely and valid Claim Form pursuant to this Settlement.

D.    "Class" means all non-exempt piece rate workers who worked at Defendant entities from July 12, 2009 to March 31, 2015. Relatives, supervisors, managers, or owners are not considered a member of the class, will not be provided class notice, will not be permitted to submit a claim, and will not have a claim paid to them.

E.    "Class Counsel" means Stan S. Mallison, Hector R. Martinez, Marco A. Palau, Joseph D. Sutton, Eric S. Trabucco of the Law Offices of Mallison & Martinez and Tomas Margain of the Justice at Work Law Group.

F.    "Class Counsel Fees Payment" and "Class Counsel Litigation Expenses Payment" mean the amounts awarded to Class Counsel by the District Court to compensate them for, respectively, their attorneys' fees and litigation expenses incurred in connection with the Action, including their pre-filing investigation, their filing of

the Action and all related litigation activities, this Settlement, and all post-Settlement compliance and approval procedures.

G.   "Class Data" means, for each Class Member, the Class Member's name; and last-known mailing address; the Class Member's Social Security number; and for the Class Period the Class Member's Months of Employment in a Covered Position.

H.   "Class Member" is a member of the Class.

I.   "Class Notice" means the Notice of Proposed Settlement of Collective Action and Class Action, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval. Plaintiffs will draft and submit a Claim Notice along with the Motion for Preliminary Approval.

J.   "Class Notice Packet" means the Class Notice, the Claim Form, and the form of Election Not to Participate in Settlement, which will be submitted by Plaintiffs along with the Motion for Preliminary Approval (including Spanish-translated versions).

K.   "Class Period" means the period of time from July 12, 2009 to the March 31, 2015.

L.   "Class Representative Payments" means the special payments made to Plaintiffs in their capacity as Class Representatives to compensate them for initiating the Action, performing work in support of the Action, and undertaking the risk of liability for attorneys' fees and expenses in the event they were unsuccessful in the prosecution of the Action.

M.   "Defendant's Counsel" means Christine Long and Eileen Kennedy of Berliner Cohen, LLP.

N.   "Covered Position" means non-exempt piece rate workers employed by Defendants in California during the "Class Period."

O.   "District Court" means the U.S. District Court for the Northern District of California, San Francisco Division.

P.   "Effective Date" means the date on which the District Court grants Final Approval to the Class Action Settlement.

Q.   "Election Not to Participate in Settlement" means the form by which a Class Member may elect to exclude himself or herself from the Settlement. Plaintiffs will draft and submit an Election Not to Participate in Settlement form to the Court along with the Motion for Preliminary Approval.

R.   "Final Approval Hearing" means the hearing to be conducted by the District Court to determine whether to approve finally and implement the terms of this Agreement.

S.    "Funding Group A" shall be referred to as the FLSA Opt-In Class. The FLSA Opt-in Class consists of Rafael Sandoval, Luis Martin Calixto, Adrian Ramirez, Manuel Llamas, Francisco Lopez, Francisco Javier Lopez Jr., Salvador Flores, Jaime Barrios, Eddy Sifuentes, Eric Barker, Juan Antonio Garcia, Mario Martinez and Giovanni Castro.

T. "Funding Group B" shall consist of the Rule 23 Class.

U. "Gross Settlement Amount" means the maximum amount of $600,000 to be paid by Defendants as provided by this Agreement if paid according to the terms provided by this agreement.

V. "Judgment" means the Order of Final Judgment and Dismissal with Prejudice entered by the District Court in the form approved by the District Court. Plaintiffs will draft and submit a proposed Order to the Court along with the Motion for Final Approval.

W. "Months of Employment" means for each Class Member the months during the Class Period that the Class Member was an active employee or joint employee of Defendant.

X. "Net Settlement Amount" means the Gross Settlement Amount to be paid by Defendant pursuant to this Settlement, less (i) the Class Representative Payments approved by the District Court; (ii) the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment approved by the District Court; (iii) the Settlement Administrator's reasonable fees and expenses approved by the District Court; and (iv) any other fees or expenses (other than attorneys' fees and expenses) incurred in implementing the terms and conditions of this Agreement and securing dismissal of the Action as awarded by the District Court.

Y. "Non-Participating Class Member" means a Class Member who submits a valid and timely Election Not to Participate in Settlement.

Z. "Participating Class Member" means a Class Member who does not submit a valid and timely Election Not to Participate in Settlement.

AA.   "Preliminary Approval of the Settlement" means the District Court's preliminary approval of the Settlement without material change.

BB.   "Settlement" means the disposition of the Action and all related claims effectuated by this Agreement.

CC.   "Settlement Administrator" means the administrator proposed by the Parties (which shall be CPT Group, Inc.) and appointed by the District Court to administer the Settlement.

DD.   "Settlement Share" means each Claimant's share of the Net Settlement Amount as provided by this Agreement.

## II.    RECITALS

A.    On July 12, 2013, Plaintiffs commenced the Action against Defendants in District Court. In the Action, Plaintiffs alleged that Defendants, in violation of the federal and California wage-and-hour law: failed to pay overtime and minimum wages; failed to pay wages due at termination of employment; failed to comply with California law with respect to rest breaks; failed to provide accurate, itemized employee wage statements; failed to timely pay wages; and violated California Unfair Competition Law.

B.    Defendants filed its answer denying all material allegations of the complaint.

C.    In connection with the Action, the Defendants produced various documents and data, including, payroll and timekeeping records for Class Members during the Class Period. Class Counsel engaged in extensive review of these records.

D.    Following the Court certifying a Class pursuant to FRCP Rule 23 for failure to separately pay for rest breaks and a derivative claim for failure to provide accurate wage statements under California law; and the Court conditionally certifying a FLSA § 216(b) opt-in Class for failure to pay overtime wages and following the exchange of time-keeping and pay information, the Parties engaged in mediation. Counsel on either side recognized the substantial risk of an adverse result in the Action and agreed to settle the Action and all other matters covered by this Agreement pursuant to the terms and conditions of this Agreement. This Agreement replaces any other agreements, understandings, or representations between the Parties, and is fully admissible to prove the terms and conditions of the Settlement.

E.    Class Counsel has conducted a thorough investigation into the facts of the Action. Based on the foregoing discovery and the confirmatory measures detailed in this agreement, and their own independent investigation and evaluation, Class Counsel are of the opinion that the Agreement is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, and potential appellate issues.

F.    It is the mutual desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims raised in or related in any way to the Action. In order to achieve a full and complete release of the released persons, the Class, including Plaintiffs and each Class Member, acknowledge that this Settlement is intended to include and resolve all claims arising from or related to the Action as more fully set forth in section III.F of this Agreement.

G.    This Agreement represents a compromise and settlement of highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission by Defendants that the claims in the Action of Plaintiffs or the Class have merit or that Defendant bears any liability to Plaintiffs or the Class on those

claims or any other claims, or as an admission by Plaintiffs that Defendant's defenses in the Action have merit.

Based on these Recitals, the Parties agree as follows:

## III. SETTLEMENT TERMS AND CONDITIONS

A. **Gross Settlement Amount.** Subject to the terms and conditions of this Agreement, the Gross Settlement Amount that Defendant will pay under this Settlement is $600,000. All of the Gross Settlement Amount will be disbursed pursuant to this Agreement, and none of it will revert to Defendant. Defendants M1 Collision Care Centers, Inc., Autovest Collision Repairs, Inc., aka Autowest Collision Repairs, Inc., and Serramonte Auto Plaza Body Shop, Inc. will be jointly and severally liable for the Gross Settlement Amount.

B. **Payments from the Maximum Settlement Fund.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will make the following payments out of the Gross Settlement Amount as follows:

1. **To Plaintiffs:** In addition to their respective Settlement Shares, Plaintiffs will apply to the District Court for an award of up to $10,000 for each Plaintiff (Rafael Sandoval, Luis Martin Calixto and Adrian Ramirez) as his Class Representative Payment. Defendants will not oppose a Class Representative Payment of up to $10,000 for each Plaintiff, provided none submit an Election Not to Participate in Settlement form. The Settlement Administrator will pay the Class Representative Payments approved by the District Court out of the Gross Settlement Amount. If the District Court approves a Class Representative Payment of less than $10,000 for any Plaintiff, the remainder will be retained in the Net Settlement Amount for distribution to Claimants. Payroll tax withholding and deductions will not be taken from the Class Representative Payments and instead a Form 1099 will be issued to Plaintiffs with respect to those payments.

2. **To Class Counsel:** Class Counsel will apply to the District Court for an award of not more than 33.33% ($199,980) of the Gross Settlement Amount as their Class Counsel Fees Payment and an additional, reasonable amount for their Class Counsel Litigation Expenses Payment, and Defendant will not oppose their request. The Settlement Administrator will pay the amount approved by the District Court out of the Gross Settlement Amount. If the District Court approves a Class Counsel Fees Payment or a Class Counsel Litigation Expenses Payment of less than $199,980 in fees and less than the requested amount of litigation expenses, respectively, the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members. Payroll tax withholding and deductions will not be taken from the Class Counsel Fees and Expenses Payment and instead one or more Forms 1099 will be issued to Class Counsel with respect to those payments.

3.   **To the Settlement Administrator.** The Settlement Administrator will pay out of the Gross Settlement Amount to itself its reasonable fees and expenses as approved by the District Court. Every effort will be undertaken to minimize this cost will ensure proper notice and administration of the fund.

C.   **Responsibility for Taxes.** The Parties are each separately responsible for paying any taxes resulting to them from the settlement to the appropriate tax authorities.

D.   **Settlement Share.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will pay a Settlement Share from the Net Settlement Amount to each Claimant who timely and properly submits a Claim Form.

1.   **Calculation.** The Settlement Share for each Claimant will be calculated on a pro rata basis based on (a)that Claimant's total number of Months of Employment during the Class Period and (b) that Claimant's membership in Funding Group A or Funding Group B. The formula for computing Settlement Shares of Claimants in Funding Group A and Funding Group B shall be set forth in an Addendum to this Agreement and submitted to the Court with Class Counsel's Motion for Preliminary Approval. However, it is anticipated that 40% of the Net Settlement Amount shall go to Funding Group A and 60% of the Net Settlement Amount shall go to Funding Group. Plaintiffs agrees to provide Defendants with a copy of proposed Addendum A five (5) days prior to Plaintiffs' filing of its Motion for Preliminary Approval.

2.   **Withholding.** Each Settlement Share for the Funding Group A, FLSA Opt-in Class, is intended to settle each Claimant's claims for restitution, reimbursement of expenses, interest, and penalties. As such, the Settlement Administrator shall treat 50% of each Settlement Share as wages and shall make all mandatory withholdings required by law and the remaining portion of each Settlement Share shall be treated as penalties ("Non-Wage Portion") and the Settlement Administrator will issue a Form 1099 with respect to the Non-Wage Portion. Each Settlement Share for Funding Group B is intended to settle each remaining Claimant's claims for penalties, and as such, the Settlement Administrator shall treat the Settlement Share as a Non-Wage Portion and will issue a Form 1099 with respect to the Non-Wage Portion.

3.   **Effect of Non-Participating Class Members.** Non-Participating Class Members will receive no Settlement Share, and their election not to participate will reduce neither the Gross Settlement Amount nor the Net Settlement Amount. Their respective Settlement Shares will be retained in the Net Settlement Amount for distribution to Claimants on a pro rata basis relative to their Settlement Shares.

4. **Effect of Participating Class Members Not Qualifying as Claimants.** If a Participating Class Member does not submit a valid and timely Claim Form and therefore does not qualify as a Claimant, the Settlement Share that would have been paid to him or her if he or she had qualified as a Claimant (the "Unclaimed Settlement Share") will be distributed to Claimants in amounts proportional to their Settlement Shares.

5. **Effect of Seven Percent of Non-Participating Class Members.** If the total number of Non-Participating Class Members and Participating Class Members who do not qualify as Claimants is equal to or exceeds seven percent (7%) of the Class, Defendants shall have the option to treat this Agreement as null and void.

E. **Appointment of Settlement Administrator.** Class Counsel will ask the District Court to appoint a CPT Group, Inc., a qualified administrator, to serve as the Settlement Administrator, which, as a condition of appointment, will agree to be bound by this Agreement with respect to the performance of its duties and its compensation. The Settlement Administrator's duties will include preparing, printing, and mailing the Class Notice Packet to all Class Members; conducting a National Change of Address search on any Class Notice Packet returned by the U.S. Postal Service as non-deliverable, and re-mailing the Class Notice Packet to the Class Member's new address; receiving and reviewing for validity completed Claim Forms and Elections Not to Participate in Settlement; providing the Parties with weekly status reports about the delivery of Class Notice Packets and receipt of completed Claim Forms and Elections Not to Participate in Settlement; providing the parties with the received Claim Forms; calculating Settlement Shares; issuing the checks to effectuate the payments due under the Settlement; issuing the tax reports required under this Settlement; distributing any remaining funds as directed by the court; and otherwise administering the Settlement pursuant to this Agreement. The Settlement Administrator will have the final authority to resolve all disputes concerning the calculation of a Participating Class Member's Settlement Share, subject to the dollar limitations set forth in this Agreement. The Settlement Administrator's reasonable fees and expenses, including the cost of printing and mailing the Class Notice Packet, will be paid out of the Gross Settlement Amount.

F. **Procedure for Approving Settlement.**

1. **Motion for Preliminary Approval of Settlement by the District Court.**

   a. Plaintiffs will move the District Court for an order giving Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the Class Notice, the Claim Form, and the form of Election Not to Participate in Settlement. Defendant will not oppose said motion, provided Plaintiffs' Motion for Preliminary Approval is consistent with and not contrary to this Agreement. Any disagreement among the Parties

concerning the Class Notice, the Claim Form, the Election Not to Participate in Settlement, or other documents necessary to implement the Settlement will be referred to the District Court.

b.   At the hearing on the Motion for Preliminary Approval, the Parties will jointly appear and support the granting of the motion. Plaintiffs will draft and submit with the Motion for Preliminary Approval a proposed Order Granting Preliminary Approval of Settlement; Approval of Notice to Class, Claim Form, and Form of Election Not to Participate; and Setting Hearing for Final Approval of Settlement.

c.   Should the District Court decline to preliminarily approve all material aspects of the Settlement (including but not limited to the scope of release to be granted by Participating Class Members or the binding effect of the Settlement on Participating Class Members who are not Claimants), the Settlement will be null and void and the Parties will have no further obligations under it.

2.   **Notice to Class Members.** After the District Court enters its order granting Preliminary Approval of the Settlement, every Class Member will be provided with the Class Notice Packet (which will include the Class Notice completed to reflect the order granting Preliminary Approval of the Settlement and the Claim Form completed to show the Class Member's Class Data) as follows:

a.   Using best efforts to provide it as soon as possible, and in no event later than fourteen (14) days after the District Court enters its order granting Preliminary Approval of the Settlement, Defendants will provide to the Settlement Administrator an electronic database or spreadsheet in native format containing for each Class Member his, or her, Class Data. If any or all of the Class Data are unavailable to Defendants, Defendants will so inform Class Counsel in advance of the above deadline and the Defendants will reconstruct or, in consultation with Class Counsel, agree upon the class data. This information will otherwise remain confidential and will not be disclosed to anyone, except as required to applicable taxing authorities, pursuant to Defendants' express written authorization or by order of the District Court.

b.   Using best efforts to mail it as soon as possible, and in no event later than ten days after receiving the Class Data, the Settlement Administrator will mail the Class Notice Packets to all Class Members via first-class regular U.S. Mail using the mailing address information provided by Defendant, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement.

c.  If a Class Notice Packet is returned because of an incorrect address, the Settlement Administrator will promptly, and not longer than ten days from receipt of the returned packet, search for a more current address for the Class Member and re-mail the Class Notice Packet to the Class Member. The Settlement Administrator will use the Class Data and otherwise work with Defendant to find that more current address. The Settlement Administrator will be responsible for taking reasonable steps, consistent with its agreed-upon job parameters, court orders, and fee, as agreed to with Class Counsel and according to the following deadlines, to trace the mailing address of any Class Member for whom a Class Notice Packet is returned by the U.S. Postal Service as undeliverable. These reasonable steps shall include, at a minimum, the tracking of all undelivered mail; performing address searches for all mail returned without a forwarding address; and promptly re-mailing to Class Members for whom new addresses are found. If the Class Notice Packet is re-mailed, the Settlement Administrator will note for its own records and notify Class Counsel and Defendant's Counsel of the date and address of each such re-mailing as part of a weekly status report provided to the Parties. Class Counsel will be entitled to receive from the Settlement Administrator any updated address information about a Class Member as the Settlement Administrator obtains such information.

d.  As part of its weekly status report, the Settlement Administrator will inform Class Counsel and Defendant's Counsel of completed Elections Not to Participate in Settlement it receives.

e.  Not later than the date by which the Plaintiffs file their motion for final approval of the Settlement, the Settlement Administrator will serve on the Parties and file with the Court a declaration of due diligence setting forth its compliance with its obligations under this Agreement. Prior to the Final Approval Hearing, the Settlement Administrator will supplement its declaration of due diligence if any material changes occur from the date of the filing of its prior declaration

3.  **Claim Form.** The Class Members will have forty-five days after the date on which the Settlement Administrator mails the Class Notice Packets to complete and submit to the Settlement Administrator the Claim Form.

a.  Class Members will have the opportunity to challenge the Class Data pre-printed on their individualized Claim Forms by submitting a written challenge along with their signed Claim Form and any supporting documentation to the Settlement Administrator within the time period provided for submitting the Claim Form. In the event of such a dispute, Defendants will manually review its

payroll and personnel records to verify the correct information to the best of their abilities. Defendants' records will have a rebuttable presumption of correctness. After consultation with Class Counsel, the Class Member and Defendants, the Settlement Administrator will make a determination of the disputed information and that determination will be final, binding on the Parties and the Class Member, and non-appealable.

b.    In the event that a Claim Form is submitted timely but is deficient in one or more respects, the Settlement Administrator will return the Claim Form to the Class Member within seven days of receipt with a notice explaining the deficiencies and stating that the Class Member will have ten days from the date of the deficiency notice to correct the deficiency and resubmit the Claim Form. The envelope containing the resubmitted Claim Form must be postmarked within ten days of the date of the deficiency notice to be considered timely, absent a showing of good cause. If necessary, the Class Member will be sent a second deficiency notice to correct any deficiency concerning a resubmitted Claim Form, which will be governed by the same timeliness requirements as the first deficiency notice.

4.    **Comments on or Objections to Settlement; Elections Not to Participate in Settlement.** Class Members may submit objections to the Settlement or Elections Not to Participate in Settlement pursuant to the following procedures:

a.    **Comments on or Objections to Settlement.** The Class Notice will provide that Class Members who wish to comment on or object to the Settlement must file with the District Court and serve on counsel for the Parties not later than forty-five days after the Settlement Administrator mails the Class Notice Packets a written comment on or objection to the Settlement setting forth the grounds for the comment or objection. The statement will also indicate whether the Class Member intends to appear and comment or object at the Final Approval Hearing; failure to do so indicate will constitute a waiver of the right to appear at the hearing. A Class Member who does not file and serve a written comment or objection in the manner and by the deadline specified above will be deemed to have waived any comments or objections and will be foreclosed from making any comments or objections (whether by appeal or otherwise) to the Settlement.

b.    **Election Not to Participate in Settlement.** The Class Notice also will provide that Class Members who wish to exclude themselves from the Settlement must mail to the Settlement Administrator not later than forty-five days after the Settlement Administrator mails

the Class Notice Packets a signed Election Not to Participate in Settlement. If a question is raised about the authenticity of a signed Election Not to Participate in Settlement, the Settlement Administrator will have the right to demand additional proof of the Class Member's identity. A Non-Participating Class Member will not participate in or be bound by the Settlement and the Judgment. Defendant will remain free to contest any claim brought by the class member that would have been barred by this Agreement, and nothing in this Agreement will constitute or be construed as a waiver of any defense Defendant has or could assert against such a claim nor will any person who properly elects not to participate be bound in any way by this proceeding. A Class Member who does not complete and mail a timely and valid Election Not to Participate in Settlement in the manner and by the deadline specified above will automatically become a Participating Class Member and be bound by all terms and conditions of the Settlement, including its release of claims, if the Settlement is approved by the District Court, and by the Judgment, regardless of whether he or she has objected to the Settlement or submitted a completed claim form.

c. **Report.** Not later than seven days after the deadline for submission of Elections Not to Participate in Settlement and Claim Forms, the Settlement Administrator will provide the Parties with a complete and accurate list of all Claimants, Participating Class Members, and Non-Participating Class Members.

5. **No Solicitation of Comment, Objection, Election Not to Participate.** Neither the Parties nor their respective counsel will solicit or otherwise encourage directly or indirectly any Class Member to comment on or object to the Settlement, submit an Election Not to Participate in the Settlement, or appeal from the Judgment.

6. **Timing of Provision of Settlement Shares and Other Payments and Setting of Hearing for Final Approval of Settlement.** Within five court days after the Court's Preliminary Approval of the Settlement, Defendants shall fund 50% of the Gross Settlement Amount, by depositing the money with the Settlement Administrator CPT Group. Within ninety (90) days after Defendants' initial deposit with the Settlement Administrator, Defendants shall deposit the remainder of the Gross Settlement Amount with the Settlement Administrator. Class Counsel shall have discretion (and may at its own election and at its own expense work with bankruptcy counsel) to determine the length of time that the Settlement Administrator shall retain the Gross Settlement Amount, provided that the time period during which the Settlement Administrator shall hold the funds is no longer than six months after Defendants' full funding of the Settlement Amount and no later than the hearing on Plaintiffs' Motion for Final

Approval of the Settlement Agreement ("Escrow Period"). Class Counsel will work with the Court to set the hearing date on Plaintiffs' Motion for Final Approval of the Settlement Agreement, provided that the hearing date occurs at the conclusion of or after the Escrow Period. Class Counsel shall also have discretion to determine the timing of the distribution of the Settlement Shares to Participating Class Members, the Class Representative Payments to Plaintiffs, the Class Counsel Fees and Class Counsel Litigation Expenses to Class Counsel and reasonable fees and expenses of the settlement administration to the Settlement Administrator, provided the distribution of such payments occurs after the Court has finally approved the Settlement Agreement and is no later than six months after the entry of the Court's Order Granting Final Approval of the Settlement Agreement. Class Counsel shall inform the Court, Defendants and the Settlement Administrator of the timing of the distribution of such payment in writing and with ten days' notice. The Settlement Administrator shall pay to Plaintiffs the Class Representative Payments; to Class Counsel the Class Counsel Fees and Class Counsel Litigation Expenses Payments; to Participating Class Members the Settlement Shares; and to the Settlement Administrator, its reasonable fees and expenses, not necessarily in that order, and in accordance with Class Counsel's written instructions as to the timing of the distribution.

7.  **Waiver of Right to Appeal.** Provided that the Judgment is consistent with the terms and conditions of this Agreement, Plaintiffs and Participating Class Members who did not timely submit an objection to the Settlement, Defendants, and all Parties' respective counsel hereby waive any and all rights to appeal from the Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as, but not limited to, a motion to vacate judgment, a motion for new trial, a motion for relief under Rule 60, Federal Rules of Civil Procedure and any extraordinary writ, and the Judgment therefore will become non- appealable at the time it is entered. The waiver of appeal does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings. This paragraph does not preclude Defendants, Plaintiffs or Class Counsel from appealing from a refusal by the District Court to award the full Class Representative Payments, the Class Counsel Fees Payment, or the Class Counsel Litigation Expenses Payment sought by them. If an appeal is taken from the Judgment, the time for consummation of the Settlement (including making payments under the Settlement) will be suspended until such time as their appeal is finally resolved and the Judgment becomes Final.

8.  **Vacating, Reversal, or Material Modification of Judgment on Appeal or Review.** If, after a notice of appeal, a petition for review, or a petition for *certiorari*, or any other motion, petition, or application, the reviewing court vacates, reverses, or modifies the Judgment such that there is a material modification to the Settlement (including, but not limited to, the

scope of release to be granted by Plaintiffs, Participating Class Members or the binding effect of the Settlement on Participating Class Members who are not Claimants), and that court's decision is not completely reversed and the Judgment is not fully affirmed on review by a higher court, then either Plaintiffs or Defendants will have the right to void the Settlement, which the Party must do by giving written notice to the other Parties, the reviewing court, and the District Court not later than fourteen days after the reviewing court's decision vacating, reversing, or materially modifying the Judgment becomes Final. A vacation, reversal, or modification of the District Court's award of the Class Representative Payments or the Class Counsel Fees Payment or Litigation Expenses Payment will not constitute a vacation, reversal, or material modification of the Judgment within the meaning of this paragraph, provided that Defendant's obligation to make payments under this Settlement will remain limited by the Gross Settlement Amount.

9.      **Uncashed Settlement Share Checks.** A Claimant must cash his or her Settlement Share check within 60 days after it is mailed to him or her. If a check is returned to the Settlement Administrator, the Settlement Administrator will make all reasonable efforts to re-mail it to the Claimant at his or her correct address. If Claimant's Settlement Share check is not cashed within 60 days after its last mailing to the Claimant, the Settlement Administrator will send the Claimant a letter informing him or that unless the check is cashed in the next thirty days, it will expire and become non-negotiable, and offer to replace the check if it was lost or misplaced but not cashed. If the check remains uncashed by the expiration of the thirty-day period after this notice, the check proceeds will be redistributed to the Bureau of Automotive Repair ("BAR"). In the event the Court refuses to approve the BAR as the recipient of the uncashed checks, the recipient shall be Santa Clara University clinical program or a charitable organization of the Court's choosing and the Claimant nevertheless will remain bound by the Settlement.

10.     **Final Report by Settlement Administrator to Court.** Within ten days after final disbursement of all funds from the Gross Settlement Amount, the Settlement Administrator will serve on the Parties and file with the Court a declaration proving a final report on the disbursements of all funds from the Gross Settlement Amount.

11.     **Dismissal with Prejudice of Individual Claims.** Within ten days after the Court's entry of an Order Granting Final Approval of the Settlement, Plaintiffs shall cause to be filed a Dismissal with prejudice of all claims asserted in the Action, except the class claims for unpaid rest breaks under California law and for the failure to pay overtime under the Fair Labor Standards Act. Upon Final Approval of the Settlement, a judgment shall be entered on the class claims only.

12.   The Parties agree that if Defendants fail to deposit any part or all of the Settlement Amount with the Settlement Administrator in accordance with Section III.F.6 of this Agreement, Plaintiffs or Class Counsel may elect to treat this Settlement Agreement as null and void *ab initio* in which event Plaintiffs shall have all claims and Defendants shall have all defenses available to each respective side as of the date of the execution of the Settlement Agreement and Plaintiffs may proceed with litigation against any Defendant not subject to a stay of litigation by the authority of any Bankruptcy court or appointed trustee.

The Parties further agree that if any one or more of the Defendants, except Bobby or Rick Ali, in this Action files for Bankruptcy Protection at any time before the entry of the Order Granting Final Approval to the Settlement Agreement, Class Counsel may elect to treat this Settlement Agreement as null and void *ab initio* in which event Plaintiffs shall have all claims and Defendants shall have all defenses available to each respective side as of the date of the execution of the Settlement Agreement and Plaintiffs may proceed with litigation against any Defendant not subject to a stay of litigation by the authority of any Bankruptcy court or appointed trustee.

Alternatively, and at the discretion of Class Counsel, in the event that one or more of the Defendants, excluding Bobby or Rick Ali, files for bankruptcy before the entry of the Order Granting Final Approval of the Settlement Agreement, Class Counsel may elect to treat the Release (as defined below in Section G. 1, 2, & 3) as void *ab initio*, provided any funds deposited by Defendants with the Settlement Administrator pursuant to this Agreement are returned to Defendants.

The Party or Class Counsel electing to treat this Settlement Agreement as void shall move for an Order withdrawing Preliminary Approval and shall request a Case Management Conference and the Settlement Administrator shall return all funds (if any) deposited by Defendants pursuant to this Agreement. Such motion must be filed within 10 days of the served Notice of Bankruptcy.

The Parties will work in good faith to make sure this provision is brought to the attention of the Court and contained in any proposed Order submitted to the Court including working in good faith to address any comments or concerns from the Court related to this provision. The Parties will further request that the Court retain jurisdiction of the case and this provision for a period of 36 months after the entry of the Order Granting Final Approval of the Settlement Agreement.

Should Class Counsel elect to hire bankruptcy counsel, it shall be at their sole expense and not be charged to the Class. The Parties will work in good faith to include any language proposed by Class Counsel in the

Notice to the Class and proposed Orders, provided such language is consistent with and not contrary to this Settlement Agreement.

G.   **Release of Claims.**

1.   **Plaintiffs.** As of the date of the Effective Date, Plaintiffs hereby fully and finally release Defendants, and the corporate defendants' respective parents, predecessors, successors, subsidiaries, affiliates, and trusts, and all of their respective employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and assigns, from any and all claims, known and unknown, including but not limited to claims arising from or related to their employment with Defendant, their compensation while employed as Defendant's employee, under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law (the "Plaintiffs' Released Claims"). The Plaintiffs' Released Claims include, but are not limited to, all claims arising from or related to the matters alleged in the Action. The Plaintiffs' Released Claims include, but are not limited to, all such claims covering the time period July 12, 2009 to the date of the execution of this Agreement for unpaid wages, including overtime compensation, missed meal-period and rest-break wages, and interest; penalties, including but not limited to, recordkeeping penalties, pay-stub penalties, minimum-wage penalties, missed meal-period and rest-break penalties, and waiting-time penalties; and attorneys' fees and expenses.

2.   **Participating Class Members.** As of the date of the Effective Date, all Participating Class Members hereby fully and finally release Defendants, and their corporate Defendants' respective parents, predecessors, successors, subsidiaries, affiliates, and trusts, and all of their respective employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and assigns, from any and all claims, known and unknown, for or related to all claims based on or arising from the allegations that they were or are improperly compensated under federal, California, or local law or that have been asserted or that could have been asserted in the Action (the "Class's Released Claims"). The Class's Released Claims are limited to the time period July 12, 2009 to March 1, 2015 for claims for alleged unpaid wages, overtime compensation, rest-break wages or penalties, and interest; related penalties, recordkeeping penalties, pay-stub penalties, minimum-wage penalties, and waiting-time penalties; and costs and attorneys' fees and expenses. However, the Class Members Released Claims shall not extend beyond the dates that named entity Defendants ceased operation. Released Claims shall not extend beyond the dates that named entity Defendants ceased operation. Autovest Collision Repairs, Inc. ceased operations on March 1, 2013 and M1 Collision Care Centers, Inc. and M1 Auto Collision Care Centers, Inc. ceased operations June 30, 2016.

3. **Defendants.** As of the date of the Effective Date, Defendants hereby fully and finally release Plaintiffs and each of their heirs, agents, representatives, trusts, and assigns, from any and all claims, known and unknown, including but not limited to, claims arising from or related to Defendant's employment during the time period July 12, 2009 to March 1, 2015 of this Agreement of Plaintiffs including without limitation any issues under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law (the "Plaintiffs' Released Claims"). The Defendants' Released Claims include all claims arising from or related to the matters alleged in the Action.

4. **Civil Code §1542 Waiver.** With respect to the claims released herein, Plaintiffs, Participating Class Members, and Defendants waive all rights under section 1542 of the California Civil Code or any analogous state, local, or federal law, statute, rule, order or regulation, or principle of state or federal common law. California Civil Code section 1542 reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or his favor at the time of executing the release, which if known by his or his must have materially affected his or his settlement with the debtor.

H. **No Effect on Other Benefits.** The Settlement Shares will not result in any additional benefit payments (such as 401(k) or bonus) beyond those provided by this Agreement to Plaintiffs or Participating Class Members, and Plaintiffs and Participating Class Members will be deemed to have waived all such claims, whether known or unknown by them, as part of their release of claims under this Agreement. In addition, Plaintiffs and Participating Class Members may not contribute any portion of their Settlement Shares to Defendant's 401(k) or other benefit plans.

I. **Miscellaneous Terms.**

1. **Declaration Attesting to Accuracy of Class Data Provided to Class Counsel.** Not later than the date when Defendants provides the Class Data to the Settlement Administrator, Defendants will make available to Class Counsel a Declaration attesting to the accuracy of the Class Data. Defendants will also provide an updated contact list of Class Members with dates of employment.

2. **No Admission of Liability or Class Certification for Other Purposes.**

   a. Defendants deny that they have engaged in any unlawful activity, have failed to comply with the law in any respect, have any liability to anyone under the claims asserted in the Action, or that a class should have been certified in the Action. This Agreement is

entered into solely for the purpose of compromising highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Defendants, or an admission by Plaintiffs that any of their claims was non-meritorious or any defense asserted by Defendants was meritorious. This Settlement and the fact that Plaintiffs and Defendants were willing to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with the Settlement).

b.   Should the Settlement be voided by Defendants or Plaintiffs pursuant to this Agreement, or not approved by the District Court, or should the Judgment not become Final, the fact that the Parties have entered into this Settlement will have no bearing on, and will not be admissible in connection with, the issue of whether a class should have been certified in a non-settlement context in this Action or any other action, and in any of those events Defendants expressly reserves the right to oppose class certification.

c.   Whether or not the Judgment becomes Final, neither the Settlement, this Agreement, any document, statement, proceeding or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendants or any other beneficiary of the releases granted under this Agreement (the "Released Parties"), including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

d.   This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement, or in defense of any claims released or barred by this Agreement.

3.   **Integrated Agreement.** After this Agreement is signed and delivered by all Parties and their counsel, this Agreement will constitute the entire agreement between the Parties relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any Party concerning this Agreement

other than the representations, warranties, covenants, and inducements expressly stated in this Agreement.

4.  **Attorney Authorization.** Class Counsel and Defendants' Counsel warrant and represent that they are authorized by Plaintiffs and Defendants, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.

5.  **Modification of Agreement.** This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their successors-in-interest.

6.  **Agreement Binding on Successors.** This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties.

7.  **Applicable Law.** All terms and conditions of this Agreement will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law principles or choice of law principles.

8.  **Cooperation in Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement. This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

9.  **Fair Settlement.** The Parties and their respective counsel believe and warrant that this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arms-length negotiations, taking into account all relevant factors, current and potential.

10. **Headings.** The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

11. **Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Settlement Agreement is a settlement document and shall, pursuant to California Evidence Code § 1152, be inadmissible in evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement Agreement.**

12. **Agreement Not to Publicize.** The parties agree that other than disclosures which are required in pleadings necessary to effectuate the finalization of the settlement of this matter, the fact and amount of this settlement shall not be publicized. Class Counsel shall not publish information regarding this particular settlement via announcement, press release, via a special firm webpage or newsletter, or otherwise. However, Plaintiffs' counsel can treat this settlement like all others in listings of settled cases for clients, potential clients or Courts. Plaintiffs' counsel will not contact the press with regards this case or settlement.

13. **Notice.** All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

*To Plaintiffs and the Class:*

Stan S. Mallison
Hector R. Martinez
Law Offices of Mallison & Martinez
1939 Harrison Street, Suite 730
Oakland, California 94612
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

*To Defendants:*

CHRISTINE H. LONG, CA STATE BAR NO. 199676
EILEEN P. KENNEDY, CA STATE BAR NO. 204646
BERLINER COHEN, LLP
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
christine.long@berliner.com
eileen.kennedy@berliner.com

14. **Execution in Counterpart.** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves original signed counterparts. Facsimile signatures will be accepted if the original signature is provided within seven days. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

## IV.   EXECUTION BY PARTIES

The Parties and their counsel hereby execute this Agreement.

Dated: November 21, 2016                M1 Collision Care Centers, Inc.

By: ___BEN   LAMOND___
Title: ___MANAGER___


Dated: November 21, 2016                Autovest Collision Repair, Inc.

By: ___BEN   LAMOND___
Title: ___MANAGER___


Dated: November 21, 2016                AW Collision of Serramonte

By: ___BEN   LAMOND___
Title: ___MANAGER___


Dated: November 21, 2016                Bobby Ali, As In Individual Defendant Under the
                                        FLSA Claim Only

_____


Dated: November 21, 2016                Rick Ali, As In Individual Defendant Under the
                                        FLSA Claim Only

_____


Dated: November 21, 2016                Rafael Sandoval

_____

-20-

Dated: November 21, 2016                    Rafael Sandoval

_____

Dated: November 21, 2016                    Luis Martin Calixto

_____

Dated: November 21, 2016                    Adrian Ramirez

_____

Approved as to Form:

Dated: November 21, 2016                    Justice at Work Law Group

_____

By: Tomas Margain
Attorneys for Plaintiffs and Class

Dated: November 21, 2016                    Mallison & Martinez

_____

By: Marco Palau
Attorneys for Plaintiffs and Class

Dated: November 27, 2016

Luis Martin Calixto

_____

Dated: November 27, 2016

Adrian Ramirez

_____

Approved as to Form:

Dated: November 27, 2016

Justice at Work Law Group

_____

By: Tomas Margain
Attorneys for Plaintiffs and Class

Dated: November 21, 2016

Mallison & Martinez

_____

By: Marco Palau
Attorneys for Plaintiffs and Class

Dated: ~~November~~ December 2, 2016

Berliner Cohen LLP

_____

By: Eileen P. Kennedy
Attorneys for Defendants